IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALICIA NERONDE,

        Plaintiff,                  No. 2:10cv0776-JFM (PS)

     vs.

NEVADA COUNTY *et al.*,

        Defendants.          <u>ORDER</u>

                                  /

        Defendants' April 26, 2010 motion to dismiss came on for hearing June 3, 2010. Leslie Mitchel appeared for plaintiff. Scott McLeran appeared for defendants. Upon review of the motion and the documents in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

Factual Allegations

        Plaintiff claims that at all times relevant herein, she was a student volunteer at the Nevada County Animal Control facility under Nevada County's "49er Regional Occupational Program" where she was supervised by defendant Mienar. Plaintiff alleges that on March 10, 2008, defendant Mienar, while at work and during work hours, took plaintiff to a remote area of Nevada County and there made sexual advances toward plaintiff and touched her in intimate parts of her body without her consent. Plaintiff claims that she was a minor at the time of the

alleged incident. Plaintiff further claims that defendants Nevada County and the Nevada County Sheriff's Department knew or should have known of defendant Mienar's propensities to act in this manner.

## Procedural Background

On April 1, 2010, plaintiff filed a complaint against defendants Nevada County, Nevada County Sheriff's Department, and Sergeant Timothy Mienar for violation of the Civil Rights Act, 42 U.S.C. § 1983, and for sexual harassment under California's Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12940 *et seq.*

On April 23, 2010, this matter was reassigned to the undersigned based on the consent of the parties. On April 26, 2010, defendants filed a motion to dismiss. On May 20, 2010, plaintiff filed an opposition.

## Standards

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1974 (2007). Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

The court is permitted to consider material properly submitted as part of the complaint, documents not physically attached to the complaint if their authenticity is not

contested and the complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). Matters of public record include pleadings and other papers filed with a court. Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

                              Discussion

1.      Violation of The Civil Rights Act, 42 U.S.C. § 1983

Defendants moves to dismiss plaintiff's first claim on the ground that she fails to allege that the acts complained of were performed pursuant to a custom or policy.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Local governments are "persons" subject to suit for "constitutional tort[s]" under 42 U.S.C. § 1983. Haugen v. Brosseau, 339 F.3d 857, 874 (9th Cir. 2003) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 n.55 (1978)). "Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional, implements or executes a policy statement, ordinance,

regulation, or decision officially adopted and promulgated by that body's officers ... [or for] deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." Id. at 690-91.

Although a local government can be held liable for its official policies or customs, it will not be held liable for an employee's actions outside of the scope of these policies or customs. "[T]he language of § 1983, read against the background of the same legislative history, compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort. In particular, ... a municipality cannot be held liable solely because it employs a tortfeasor. A municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell, 436 U.S. at 691. The statute's "language plainly imposes liability on a government that, under color of some official policy, 'causes' an employee to violate another's constitutional rights." Id. at 692.

To prevail on a § 1983 claim against a local government under Monell, a plaintiff must satisfy a three-part test: (1) The official(s) must have violated the plaintiff's constitutional rights; (2) The violation must be a part of a policy or custom and may not be an isolated incident; and (3) A nexus must link the specific policy or custom to the plaintiff's injury. See Monell, 436 U.S. at 690-92. There are three ways to show a policy or custom of a municipality:

(1) By showing a longstanding practice or custom which constitutes the standard operating procedure of the local government entity;

(2) By showing that the decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision or

(3) By showing that an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate.

Menotti v. City of Seattle, 409 F.3d 1113, 1147 (9th Cir. 2005). "'In this circuit, a claim of municipal liability under section 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice.'" See Lee v. City of Los Angeles, 250 F.3d

668, 682-83 (9th Cir. 2001) (quoting Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988)).

Defendants contend plaintiff failed to allege a policy or custom of a municipality that would render them liable. Plaintiff, on the other hand, contends that because she pled that defendants Nevada County and the Nevada County Sheriff's Department "knew, or should have known, of Mienar's propensity to act in this manner," she has sufficiently pled a custom or practice, or stated facts that imply "a course of conduct giving rise to the fact that the superiors knew or should have known" of defendant Mienar's conduct.

Examination of the complaint reveals that plaintiff has not met even the threshold requirement of a "bare allegation." First, plaintiff has not sufficiently pled that defendant Mienar's conduct conformed to official policy, custom or practice. Second, although plaintiff argues that her pleadings "impl[y]" a course of conduct of which the defendants knew or should have known, plaintiff only refers to one instance of allegedly unconstitutional behavior, not "widespread practices or evidence of repeated constitutional violations." See Menotti, 409 F.3d at 1147. Lastly, to the extent plaintiff argues that defendants knew or should have known of defendant Mienar's propensity to act unconstitutionally, for municipal liability to exist, a policy of inaction must be more than mere negligence. See Daniels v. Williams, 474 U.S. 327, 333-36 (1986).

Accordingly, defendants' motion to dismiss will be granted as to this cause of action and plaintiff will be granted leave to amend.

2.      Violation of the California Fair Employment and Housing Act, § 12940 *et seq.*

Defendants next argue that plaintiff is exempt from the California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12940 *et seq.*, because she was a student volunteer, not an employee, at the time of the alleged incident.

Defendants rely on Mendoza v. Town of Ross, 128 Cal. App. 4th 625 (Cal. Ct. App. 2005), to argue that a volunteer is not protected by the FEHA. There, the plaintiff, a

5

volunteer, filed suit against the Town of Ross ("the Town") alleging, among other things, FEHA claims of discrimination on the basis of his disability and wrongful termination.  The Town demurred to the FEHA causes of action, which was sustained by the trial court after it concluded that volunteers are not employees under the FEHA.  128 Cal. App. 4th at 630.

On appeal, the court first looked to the statutory definition of "employee" under the FEHA for guidance on the question of whether volunteers are protected by the FEHA. Mendoza, 128 Cal. App. 4th at 632.  The FEHA defines an employee as "any individual [not] employed by his or her parents, spouse, or child, or any individual employed under a special license in a nonprofit sheltered workshop or rehabilitation facility."  Cal. Gov. Code § 12926(c). Finding that the FEHA does not directly address whether a volunteer is an employee, the appellate court then turned to the definition of "employee" contained in regulations enacted by the Department of Fair Employment and Housing ("the Department") to implement the FEHA. 128 Cal. App. 4th at 632-33.  The Department defines an employee as "[a]ny individual under the direction and control of an employer under any appointment or contract of hire or apprenticeship, express or implied, oral or written."  Id. at 632 (quoting Cal. Code Regs., tit. 2, § 7286.5, subd. (b)).  The appellate court found that this second definition "fills a gap in the governing statute, and provides a workable definition of who may be considered an employee and thus entitled to the protection of the FEHA."  Id. at 632-33.

Next, turning to federal law for guidance, the appellate court found that compensation, even indirect, is a necessary element of an individual's status as an employee. See Mendoza, 128 Cal. App. 4th at 635-36.  "Because the antidiscrimination objectives and relevant wording of Title VII of the Civil Rights Act of 1964 . . . are similar to those of the FEHA, California courts often look to federal decisions interpreting these statutes for assistance in interpreting the FEHA.  Id. at 635.  In so doing, the court found that to be considered an employee, "a purported employee must establish the existence of remuneration, in some form, in exchange for work."  Id. at 636 (citing O'Connor v. Davis, 126 F.3d 112, 115-16 (2d Cir. 1997)

1  (finding that an unpaid intern could not sue for sexual harassment under Title VII because she
2  did not meet the definition of employee for common law agency)).

3        Plaintiff contends <u>Mendoza</u> is inapplicable in this case because, there, the
4  question was whether the plaintiff was an employee for purposes of bringing a wrongful
5  termination and employment discrimination suit under the FEHA whereas, here, the question is
6  whether plaintiff is an employee for purposes of bringing a sexual harassment suit under the
7  FEHA.  Plaintiff argues the FEHA intended to include more persons under its protection for
8  claims of harassment than other claims and relies on the FEHA's language, which prohibits
9  harassment of "an applicant" or "a person providing services pursuant to a contract," in addition
10 to harassment of "an employee."  <u>See</u> Cal. Gov. Code § 12940(j)(1).  In other contexts, plaintiff
11 argues that the FEHA prohibits discrimination only of employees.

12       While it is evident that the FEHA's protection from harassment applies to
13 additional classes of individuals than other sorts of FEHA claims, it is also evident, however,
14 that plaintiff has presented no case law or facts that would support the argument that she should
15 be considered "an applicant" or "a person providing services pursuant to a contract."

16       Moreover, although plaintiff argues that, in the spirit of the FEHA's broader
17 inclusion of classes for harassment claims and despite <u>Mendoza</u>'s holding that volunteers are not
18 employees under the FEHA, plaintiff should be considered an "apprentice" and, thus, an
19 "employee," as defined by the Department, <u>see</u> Cal. Code Regs., tit. 2, § 7286.5, subd. (b), she
20 again does not cite to any case law or facts in support of this proposition.  To the contrary,
21 examination of case law and other sources reveals that because compensation of some sort is
22 indispensable to an employment relationship, persons who receive no direct or indirect financial
23 benefit for their services are not "employees" for FEHA purposes.  As discussed *infra*, the
24 California appellate court held in <u>Mendoza</u> that the plaintiff there was not an employee under the
25 FEHA because the plaintiff did not receive any sort of remuneration.  Because California law
26 under FEHA mirrors federal law under Title VII of the Civil Rights Act, federal cases are also

instructive and the claims may be similarly analyzed. Bradley v. Harcourt, Brace & Co., 104 F.3d 267, 270 (9th Cir. 1996); Mendoza, 128 Cal. App. 4th 625, 635 (Cal. Ct. App. 2005). In Title VII cases, persons who render services in an unpaid, volunteer capacity are not "employees." See York v. Assoc. of Bar of City of New York, 286 F.3d 122, 126 (2d Cir. 2002); Haavistola v. community Fire Co. of Rising Sun, Inc., 6 F.3d 211 (4th Cir. 1993). Additionally, the Restatement (Third) of Employment Law provides that "[u]nless otherwise provided by law, an individual is a volunteer and not an employee if the individual renders uncoerced services without being offered a material inducement." Restatement (Third) of Employment Law § 1.02 (2009). The Comments to the Restatement further state that "[i]ndividuals who render services without coercion and without material inducement have not been extended the same kind of commitment by recipients of those services as those who work for material gain." Id., cmt. a.

Here, plaintiff has failed to cite to any facts or case law that would support her argument that she should be considered an apprentice or a person providing services pursuant to a contract. Furthermore, plaintiff has failed to allege facts that would indicate receipt of any sort of compensation so that she may be considered an employee.

Accordingly, defendants' motion to dismiss this cause of action will be granted and plaintiff will be granted leave to amend.

In light of the foregoing, IT IS HEREBY ORDERED THAT:

1. Plaintiff's first cause of action is dismissed with leave to amend;

2. Plaintiff's second cause of action is dismissed with leave to amend; and

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two

/////

/////

copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in an order dismissing this case.

DATED: June 14, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

/014;nero0776.mtd

1
2
3
4
5          IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF CALIFORNIA

ALICIA NERONDE,
6          Plaintiff,                    No. 2:10cv0776-JFM (PS)
     vs.
7  NEVADA COUNTY *et al.*,
          Defendants.                    NOTICE OF AMENDMENT
8  _____/
          Plaintiff hereby submits the following document in compliance with the court's
9  order filed _____:
                    Amended Complaint
10  DATED:
11
12                                      _____
                                         Plaintiff
13
14
15
16
17
18
19
20
21
22
23
24
25
26