IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALICIA NERONDE,

        Plaintiff,                       No. 2:10-cv-0776-JFM (PS)

     vs.

NEVADA COUNTY *et al.*,

        Defendants.              <u>ORDER</u>

_____/

        Defendants Nevada County and Nevada County Sheriff's Department's ("the County defendants") August 27, 2010 motion to dismiss came on for hearing October 7, 2010. Anthony Poidmore appeared for plaintiff. Scott McLeran appeared for the County defendants. Upon review of the motion and the documents in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

FACTUAL ALLEGATIONS

        Plaintiff claims that at all times relevant herein, she was a student intern at the Nevada County Animal Control facility under Nevada County's "49er Regional Occupational Program" where she was supervised by defendant Sergeant Timothy Mienar. (SAC at 2-3.) Plaintiff alleges that on March 10, 2008, Mienar, while at work and during work hours, took plaintiff to a remote area of Nevada County and there made sexual advances toward plaintiff and

1

touched her in intimate parts of her body without her consent.  (Id. at 3.)  Plaintiff claims that she was a minor at the time of the alleged incident.  (Id.)

## PROCEDURAL BACKGROUND

On April 1, 2010, plaintiff filed a complaint against the County defendants and Mienar for violation of the Civil Rights Act, 42 U.S.C. § 1983, and for sexual harassment under California's Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12940 *et seq.*  The County defendants were served on April 6, 2010.[1]

On April 23, 2010, this matter was reassigned to the undersigned based on the consent of the parties.  On April 26, 2010, the County defendants filed a motion to dismiss.  On May 20, 2010, plaintiff filed an opposition.  On June 15, 2010, the undersigned granted the County defendants' motion to dismiss and granted plaintiff leave to amend.

On July 15, 2010, plaintiff filed a first amended complaint and a motion to amend, seeking leave to add additional state law claims.  On August 3, 2010, the County defendants filed a statement of non-opposition.  On August 10, 2010, plaintiff was granted leave to file a second amended complaint.  On August 26, 2010, plaintiff filed a second amended complaint.  Therein, plaintiff presents the following causes of action: (1) violation of the Civil Rights Act, 42 U.S.C. § 1983 against Mienar; (2) sexual harassment in violation of FEHA, Cal. Gov. Code § 12940 *et seq.*, against all defendants; (3) assault against all defendants; (4) battery against all defendants; (5) sexual battery against all defendants; and (6) intentional infliction of emotional distress against all defendants.

On August 27, 2010, the County defendants filed a motion to dismiss the second amended complaint.  On September 23, 2010, plaintiff filed an opposition.  A reply was not filed.

/////

---

[1] Review of the docket reflects that defendant Mienar has not yet been served.

2

/////

## STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1974 (2007). Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

The court is permitted to consider material properly submitted as part of the complaint, documents not physically attached to the complaint if their authenticity is not contested and the complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). Matters of public record include pleadings and other papers filed with a court. Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

## DISCUSSION

1. Violation of the California Fair Employment and Housing Act, § 12940 *et seq.*

The County defendants argue first that plaintiff is exempt from the California Fair

3

Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12940 *et seq.*, because she was a student volunteer, not an employee, at the time of the alleged incident.

In analyzing the County defendants' first motion to dismiss, this court determined that compensation of some sort is indispensable to an employment relationship under the FEHA and that persons who receive no direct or indirect financial benefit for their services are not "employees" for FEHA purposes. The County defendants argue that plaintiff has again failed to show compensation and, therefore, this claim should be dismissed.

Plaintiff counters by referring to the Worker's Compensation Act ("WCA"), Labor Code §§ 3350 *et seq.* Section 3352 specifically excludes from the WCA volunteers and other individuals who receive no remuneration for their work: "Any person performing voluntary service for a public agency or a private, nonprofit organization who receives no remuneration for the services other than meals, transportation, lodging, or reimbursement for incidental expenses." § 3352(I). California courts have nonetheless found that despite the lack of financial compensation, volunteers may be protected by the workers' compensation laws under certain circumstances. In Barragan v. Workers' Compensation Appeals Bd., 195 Cal. App. 3d 637 (Cal. Ct. App. 1987), the appellate court held that in a workers' compensation proceeding, the Workers' Compensation Appeals Board erred in finding that there was no mutual intent to contract between a hospital and a college student who was performing services for the hospital as part of an unpaid externship program. The court found sufficient consideration to support the finding of an employment contract based on the student's receipt of training and instruction for her services, as well as credits for graduation.

In the secong amended complaint plaintiff asserts that she participated in a 49er Regional Occupation Program ("R.O.P."), a public education program offering career preparation classes to students. The 49er R.O.P. places students in on-site internships where they work. Plaintiff further asserts that she was a student intern and that "[s]tudents who successfully complete the program earn credit toward graduation requirements for both high

4

1  schools and community college, learn hands-on, invaluable skills needed to pursue rewarding
2  careers, and often receive job offers from employers for whom they work as interns."

3        The undersigned agrees with plaintiff that the FEHA intends to protect a broad
4  class of individuals under its sexual harassment laws.  In line with this intent for greater
5  inclusion, the court holds that the definitions of "employee" and "volunteer" under California's
6  workers' compensation laws should be construed with the purpose of the FEHA.  In doing so,
7  the court finds that plaintiff received credits toward graduation and community college and she
8  learned invaluable skills in exchange for her services.  Pursuant to Barragan, the court finds that
9  plaintiff was an employee at the time of the alleged incident.

10        Accordingly, the motion to dismiss will be denied as to this claim.

11  2.  Remaining State Law Claims Against the County Defendants

12        The County defendants next argue that the recently added state law claims should
13  be dismissed for plaintiff's failure to abide by California's claims presentation procedures.  See
14  Cal. Gov. Code § 900 *et seq.*  Plaintiff does not address this argument in her opposition.

15        California Government Code § 905 requires the presentation of "all claims for
16  money or damages against local public entities," subject to exceptions not relevant here.  Claims
17  for personal injury and property damage must be presented within six months after accrual; all
18  other claims must be presented within a year.  Cal. Gov. Code § 911.2.  "[N]o suit for money or
19  damages may be brought against a public entity on a cause of action for which a claim is
20  required to be presented ... until a written claim therefor has been presented to the public entity
21  and has been acted upon ... or has been deemed to have been rejected...."  Id. § 945.4.  "Thus,
22  under these statutes, failure to timely present a claim for money or damages to a public entity
23  bars a plaintiff from filing a lawsuit against that entity."  City of Stockton v. Superior Court, 42
24  Cal.4th 730, 738 (Cal. 2007) (citing State of California v. Superior Court, 32 Cal.4th 1234, 1239
25  (Cal. 2004)).

26        The County defendants submit the declaration of Peter Cheney, Nevada County's

1  Risk Manager, who declares that plaintiff never submitted a claim for damages pursuant to the
2  Government Tort Claims Act.  (See Cheney Decl., ¶ 3.)  Even if the court were to allow plaintiff
3  leave to amend the SAC after submitting a claim with the appropriate public entity, the time
4  period for filing a claim has now expired.  See Cal. Gov. Code § 911.4.  Section 911.4 states that
5  when a claim is required by Section 911.2 to be presented not later than six months after the
6  accrual of the cause of action, a claimant can apply for leave to file a late claim.  That
7  application, however, must be made "within a reasonable time not to exceed one year."  Here,
8  the alleged incident occurred on March 10, 2008.  The last day to file a claim, even after
9  accounting for a tardily filed claim, was September 10, 2009.
10         Therefore, these claims will be dismissed with prejudice as to the County
11 defendants.
12         In light of the foregoing, IT IS HEREBY ORDERED that the County defendants'
13 August 27, 2010 motion to dismiss is granted in part and denied in part;
14         1. The motion is denied as to plaintiff's FEHA cause of action; and
15         2. The motion is granted with prejudice as to plaintiff's remaining causes of
16 action against the County defendants.
17 DATED: October 21, 2010.

*[signature]*
UNITED STATES MAGISTRATE JUDGE

21 /014;nero0776.mtd2

6