IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALICIA NERONDE,

      Plaintiff,                  No. 2:10-cv-0776-JFM (C)

      vs.

NEVADA COUNTY *et al.*,

      Defendants.             ORDER

_____/

      On November 29, 2011, the parties filed a stipulation for voluntary dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1) and (2). This stipulation is signed by all parties who have appeared.

      Rule 41(a)(1), in relevant part, reads:

> (A) ... the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared.... (B) Unless the notice or stipulation states otherwise, the dismissal is without prejudice.

Rule 41(a)(1)(A)(ii) thus allows the parties to dismiss an action voluntarily, after service of an answer, by filing a written stipulation to dismiss signed by all of the parties who have appeared, although an oral stipulation in open court will also suffice. See Carter v. Beverly Hills Sav. & Loan Asso., 884 F.2d 1186, 1191 (9th Cir. 1989); Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th

1

1 Cir. 1986).  Once the stipulation between the parties who have appeared is properly filed or
2 made in open court, no order of the court is necessary to effectuate dismissal.  Fed. R. Civ. Pro.
3 41(a)(1)(A); Eitel, 782 F.2d at 1473 n.4.  "Caselaw concerning stipulated dismissals under Rule
4 41(a)(1)(ii) is clear that the entry of such a stipulation of dismissal is effective automatically and
5 does not require judicial approval."  In re Wolf, 842 F.2d 464, 466 (D.C. Cir. 1989); Gardiner v.
6 A.H. Robins Co., 747 F.2d 1180, 1189 (8th Cir. 1984); see also Gambale v. Deutsche Bank AG,
7 377 F.3d 133, 139 (2d Cir. 2004); Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074,
8 1077 (9th Cir. 1999) cf. Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997)
9 (addressing Rule 41(a)(1)(i) dismissals).  "The plaintiff may dismiss some or all of the
10 defendants, or some or all of his claims, through a Rule 41(a)(1) notice," and the dismissal
11 "automatically terminates the action as to the defendants who are the subjects of the notice."
12 Wilson, 111 F.3d at 692; Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995).

13   As the parties have filed a stipulation for dismissal of this case under Rule
14 41(a)(1) that is signed by all parties who have made an appearance, this case has terminated.  See
15 Fed. R. Civ. Pro. 41(a)(1)(A)(ii); In re Wolf, 842 F.2d at 466; Gardiner, 747 F.2d at 1189; see
16 also Gambale, 377 F.3d at 139; Commercial Space Mgmt., 193 F.3d at 1077; cf. Wilson, 111
17 F.3d at 692.

18   Therefore, IT IS HEREBY ORDERED that the Clerk of the Court shall close this
19 case in light of the parties' filed and properly signed Rule 41(a) (1)(A) Stipulation For Voluntary
20 Dismissal with prejudice.  All dates set in this matter are vacated.
21 DATED: December 8, 2011.

UNITED STATES MAGISTRATE JUDGE

25 /014;nero0776.dism